EJK:DAL

M12-0011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ROY HAYNESWORTH,

           Defendant.

- - - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.,
§§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

        RAY MARTINEZ, being duly sworn, deposes and says that

he is a Detective with the Gun Enhancement Unit of the New York

Police Department ("NYPD"), duly appointed according to law and

acting as such.

        Upon information and belief, on or about December 28,

2011, within the Eastern District of New York, the defendant ROY

HAYNESWORTH, having been convicted in a court of a crime

punishable by imprisonment for a term exceeding one year, did

knowingly and intentionally possess in and affecting commerce a

firearm, to wit: a Ruger 9 millimeter pistol.

        (Title 18, United States Code, Section 922(g)(1)).

        The source of your deponent's information and the

grounds for his belief are as follows[1]:

---

[1] Because this affidavit is being submitted for the limited
purpose of establishing probable cause to arrest the defendant as
described in greater detail below, I have not set forth every

1.    I have been a Detective with the Gun Enhancement Unit of the NYPD for approximately six years.  My information in this case comes from reviews of records of the New York City Police Department, conversations with NYPD officers, and other official records of government agencies.

2.    On or about December 28, 2011, at approximately 9:30 a.m., NYPD Officers Gerard Maharaj and Robert Schmidt were on routine patrol in a marked police car in the vicinity of Bedford Avenue and Sullivan Place in Brooklyn, New York.  At approximately that time, the officers received a radio transmission advising that goods had just been stolen from a Rite Aid pharmacy located at 1679 Bedford Avenue.

3.    The officers proceeded to the Rite Aid, where they interviewed the store's manager.  The manager advised that two African-American men between 20 and 30 years of age, one wearing a red hat and the other wearing a blue jacket, had stolen items from store.  The manager further advised that the two men had exited the store and turned onto Sullivan Place toward Nostrand Avenue.

4.    Officers Maharaj and Schmidt canvassed the area in their car.  As they drove down Sullivan Place toward Bedford

_____

fact learned during the course of this investigation.

2

Avenue, the officers observed the defendant ROY HAYNESWORTH walking eastbound on Sullivan Place, toward Nostrand Avenue.  The defendant, who was alone, was wearing a red cap.  The officers initially passed the defendant and circled back around in their car.

5.  After circling back, the officers observed that the defendant ROY HAYNESWORTH had turned onto Stoddard Place and was now walking northbound.  The officers also noticed that the defendant had pulled a hood over his cap.  The officers pulled up alongside the defendant and asked him to stop.  The defendant looked briefly at Officer Maharaj and then attempted to walk northbound on Stoddard Place.  Officer Maharaj got out of the car, approached the defendant and put his hand on the defendant's right shoulder.  As the defendant lifted his arm, Officer Maharaj observed what appeared to be the handle of a firearm in the defendant's waistband.

6.  The officers recovered a Ruger 9 millimeter pistol from the defendant's waistband and placed him under arrest.

7.  The defendant ROY HAYNESWORTH is currently being held in state custody.  I have reviewed criminal history records, which reveal that the defendant has at least two prior convictions for crimes punishable by more than one year's imprisonment.  On October 30, 2000, judgment was entered against

the defendant for attempted criminal sale of a controlled substance in the third degree, in violation of New York Penal Law 220.39(1), for which he received a sentence of one to three years' imprisonment. On January 18, 2005, judgment was entered against the defendant for attempted assault in the second degree, in violation of New York Penal Law 120.05(2). The defendant received a sentence of two to four years' imprisonment for that crime.

        8.    I have consulted with an interstate nexus expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") who advises that the above-mentioned Ruger 9 millimeter pistol was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant ROY HAYNESWORTH, so that he may be dealt with according to law.

Ray Martinez
Detective
Gun Enhancement Unit
NYPD

Sworn to before me this
4th day of January, 2012

HONORABLE
UNITED ST.          S/ Azrack
EASTERN D.                              E

5